IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| THOMAS NOBLE | § | PLAINTIFF |
|---|---|---|
| | § | |
| V. | § | 1:04CV577LG-RHW |
| | § | |
| INGALLS SHIPBUILDING | § | DEFENDANT |

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THIS COURT is the Motion of the Defendant, Ingalls Shipbuilding, Inc., for Summary Judgment Pursuant to FED. R. CIV. P. 56 [12], filed in the above-captioned cause on May 12, 2005. The Plaintiff filed his complaint against the Defendant contending that the denial of his disability benefits under the Employee Long Term Disability Plan was arbitrary and capricious. In its motion for summary judgment, the Defendant contends that MetLife did not abuse its discretion in denying the Plaintiff's claim for disability benefits, and therefore, the Defendant is entitled to judgment as a matter of law. For the reasons set forth below, the Defendant's motion should be granted.

### FACTS AND PROCEDURAL HISTORY

On August 19, 1997, the Plaintiff, Thomas Noble, sustained injuries from an electrical shock while working at Ingalls Shipbuilding. Noble continued working as a designer at Ingalls until May 29, 2002, when his treating physician, Terry Millette, M.D., recommended that he "be removed from work due to his apparent inability to perform due to his ongoing psychoemotional problems." (Dr. Millette's office notes, p. 2, dated May 28, 2002, Ex. J, Def.'s Mot. for Summ. J., filed May 12, 2005.)

At the time of his accident, Noble was a participant in and covered by the Litton

Industries, Inc. Employees' Long Term Disability Plan, which is a self-funded employee benefit plan. Under the plan, a participant is eligible for long term disability benefits if he is totally disabled. Totally disability means that the participant's disability "prevents [him] from performing any and every duty of [his] regular occupation. . . ." (Def.'s Br. in Supp. of Mot. for Summ. J., p. 2, filed May 12, 2005, *quoting* Litton Plan Summary, p. 7, Ex. E., Def.'s Mot. for Summ. J.)

On September 4, 2002, Noble submitted a claim for permanent long term disability benefits under the Litton Plan. In support of his claim, Noble provided a statement from his attending physician, Dr. Millette, a neurologist and neuro ophthalmologist. Dr. Millette concluded that Noble was not only totally disabled from his occupation, but also from any occupation. Noble also provided medical records from Roy Deal, M.D., a psychiatrist, who opined that Noble "is totally disabled to work until he has received the recommended evaluation and treatment he requires." (Psychiatric Evaluation, p. 7, Ex. K, Def.'s Mot. for Summ. J., filed Apr. 12, 2005.)

The Litton Plan Administrator "delegated to Metropolitan Life Insurance Company (MetLife) the duty to determine claims thereunder and the power and duty to process all claims and appeals procedures." (Def.'s Br. in Supp. of Mot. for Summ. J., p. 2, filed May 12, 2005) Its duties as delegate included "reviewing the claims when filed and notifying the participants as to whether their claims were approved or denied." (Def.'s Br., p. 2.) On April 28, 2003, MetLife informed Noble by letter that his claim for long term disability benefits was denied. Noble appealed the decision by letter dated May 7, 2003. MetLife referred Noble's claim for an independent claim review, which included Physician Consult Reviews from Mark

Schroeder, M.D. and Robert C. Porter, M.D.  Dr. Schroeder reviewed the records of Dr. Deal and Dr. Millette, personal information about Noble, and the job description for a Designer at Ingalls.  Based upon this review, Dr. Schroeder, who is Board Certified in Psychiatry, concluded as follows:

> The medical documentation in the file does not substantiate sustained, global, specific and objective psychiatric functional impairment sufficient to preclude the employee from performing the essential duties of his own occupation.

(Schroeder's Phys. Consultant Review, p. 3, Ex. P, Def.'s Mot. for Summ. J.)  Dr. Porter, who is Board Certified in Occupational Medicine, reviewed the same records and information as provided to Dr. Schroeder.  Dr. Porter concluded as follows:

> Based on the review of the medical information contained in the file, does the information support a functional impairment that would have prevent him from performing functional elements of his job as a designer?
>
> No.  The information does not identify significant neuromuscular impairments nor a source of disabling pain.  He does have depression which may increase his subjective complaints but the subjective complaints should not be considered as evidence of inability to work.  He has the ability to perform duties as a designer.

(Porter's Phys. Consultant Review, p. 2, Ex. Q, Def.'s Mot. for Summ. J.)  On August 1, 2003, MetLife notified Noble that after a review of his claim, it had decided to uphold the denial of his claim.

On June 21, 2004, Noble filed a complaint in this Court contending that the decision of MetLife was arbitrary and capricious.  On April 12, 2005, Ingalls filed its motion for summary judgment based upon its assertion that MetLife did not abuse its discretion in denying Noble's claim.

## **DISCUSSION**

STANDARD FOR MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56:

FED. R. CIV. P. 56 permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law.  In effect, Rule 56(c) provides that as a matter of law, upon admitted or established facts, the moving party is entitled to prevail.  Summary judgment "is not a catch penny contrivance to take unwary litigants into its toils and deprive them of a trial, it is a liberal measure, liberally designed for arriving at the truth.  Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial, it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists." *Whitaker v. Coleman,* 115 F.2d 305, 307 (5th Cir. 1940).  A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Catrett*, 477 U.S. at 324-25, 106 S.Ct. at 253-54.  The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

ERISA STANDARD OF REVIEW:

The Employee Retirement Income Security Act provides the district courts with the

4

authority to review an administrator's denial of plan benefits.  29 U.S.C. § 1132(a)(1)(B).  The district court reviews an administrator's factual determinations for an abuse of discretion when it has denied benefits under a plan.  *Vercher v. Alexander & Alexander, Inc.,* 379 F.3d 222, 226 (5th Cir. 2004) (citing *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101 (1989)); *Pierre v. Conn. Gen. Life Ins.,* 932 F.2d 1552 (5th Cir.1991), *cert. denied,* 502 U.S. 973 (1991).  In applying the abuse of discretion standard, the district court analyzes whether the administrator acted arbitrarily or capriciously.  *Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich.,* 97 F.3d 822, 829 (5th Cir.1996).  An administrator's decision is deemed arbitrary if it is made "without a rational connection between the known facts and the decision or between the found facts and the evidence."  *Lain v. Unum Life Ins. of Am.,* 279 F.3d 337, 342 (5th Cir. 2002) (quoting *Bellaire Gen. Hosp.,* 97 F.3d at 828).  An administrator's decision must be based on evidence, even if disputable, that clearly supports the basis for denial, and there must be some concrete evidence in the record to support the administrator's decision.  *Brown v. PFL Life Ins. Co.*, 2004 WL 2278500,*1 (5th Cir. 2004) (citing *Vega v. Nat'l Life Ins. Servs., Inc.,* 188 F.3d 287, 299 (5th Cir.1999)).

In reviewing the administrator's decision, the district court can only consider the evidence that was before the administrator.  *Id.*  As a result, the court's only inquiry is whether the "record adequately supports the administrator's decision." *Vega,* 188 F.3d at 298.  Moreover, deference to the administrator's decision is required and the court may not substitute its judgment for that of the administrator.  *Schadler v. Anthem Life Ins. Co.,* 147 F.3d 388, 395 (5th Cir.1998); *see also Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 273 (5th Cir. 2004)("We are aware of no law that requires a district court to rule in favor of an ERISA

plaintiff merely because he has supported his claim with substantial evidence, or even with a preponderance.  If the plan fiduciary's decision is supported by substantial evidence and is not arbitrary and capricious, it must prevail.").

PLAINTIFF'S CLAIM:

Noble contends that MetLife should have deferred to his treating physicians' opinions that he was totally disabled.  Instead, Noble argues, MetLife "sought to create evidence upon which it could claim it relied in denying the claim."  (Pl.'s Br. in Opposition to Mot. for Summ. J., p. 4, filed June 17, 2005.)  Noble contends that MetLife obtained consultants who neither fully reviewed all of the medical records nor disputed Noble's treating physicians' findings.  Instead, the consultants simply "complain[ed] that certain tests or evaluations were not done."  (Pl.'s Br., p. 4.)  According to Noble, "under the 'Treating Physicians Rule' . . ., the Court is required to defer to a patient's treating physician's testimony unless there is substantial evidence which contradicts it."  (Pl.'s Br., p. 4, *citing Vercher v. Alexander & Alexander, Inc.*, 379 F.3d 222 (5th Cir. 2004)).  Noble claims that by failing to defer to his treating physicians' opinions, MetLife abused its discretion.

Contrary to Noble's assertion, neither the Court nor the plan administrator is required to defer to the treating physicians' opinions.  As the Court in *Vercher* held:

> Vercher's argument that special, determinative deference had to have been given to the opinions of her treating doctors by both MetLife and the district court, must fail in light of recent Supreme Court precedent.  In *Black & Decker Disability Plan v. Nord,* 538 U.S. 822, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003), the Supreme Court held that ERISA does not require plan administrators to accord special deference to opinions of treating physicians. The Court stated,
>
>> "[p]lan administrators may not arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of a treating physician. But courts have no

> warrant to require administrators automatically to accord special weight to the opinions of a claimant's physician; nor may courts impose on administrators a discrete burden of explanation when they credit reliable evidence that conflicts with a treating physician's evaluation." *Id.* at 1966-67.
>
> Therefore, MetLife appropriately considered Vercher's treating physicians' diagnoses, however, it was not required to give those opinions determinative weight.

*Vercher*, 379 F.3d at 233.

In this case, the independent physician consultants, after reviewing Noble's job description, Noble's personal profile, and the evaluations and office notes of Drs. Millette and Deal, concluded that Noble was not unable to perform the essential duties of his occupation. Dr. Schroeder noted the lack of objective evidence of functional impairment. Similarly, Dr. Porter stated as follows:

> . . . The neuropathic pain appears to be out of proportion to the pathology. It is well noted individuals with depression have increased symptomatic complaints to their pathology. This, however, should not be considered evidence of inability to work.

(Porter's Phys. Consultant Review, p. 2, Ex. Q, Def.'s Mot. for Summ. J.) As in *Vercher*, MetLife was entitled to base its denial upon the independent consultants' opinions even though the opinions conflicted with Noble's treating physicians' opinions. *Vercher*, at 233.

In addition to the independent consultants' opinions, the record includes additional evidence that supports MetLife's denial of the claim. Noble continued working as a designer at Ingalls for nearly five years after his electrocution injury. In addition, even though Noble suffered from depression, he was treated for it only sporadically. Noble was evaluated by Daniel J. Vujnovich, Ph.D., who recommended individual therapy in late 1999. From December 1999 through May 2000, Noble was treated by Henry Maggio, M.D. Dr. Maggio released Noble from treatment after a visit in May 23, 2000, finding that Noble was "back to

normal." Noble was evaluated by Roy Deal, M.D., in July 2002 and August 2002. Dr. Deal recommended additional evaluation and treatment. However, despite the recommendations of Dr. Deal and Dr. Vujnovich, there is no evidence in the record that Noble is undergoing ongoing psychiatric treatment for his depression. Although Drs. Millette and Deal opined that Noble was totally disabled, there is sufficient evidence in the record that Ingalls and MetLife did not abuse their discretion in relying upon the reviews of Drs. Schroeder and Porter in denying Noble's claim. *Vercher*, at 232. For this reason, the Defendant is entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that for the reasons stated above, the Defendant, Ingalls Shipbuilding, Inc., is entitled to judgment as a matter of law on the Plaintiff's claim. Defendant's Motion for Summary Judgment, pursuant to FED. R. CIV. P. 56, should be, and is hereby **GRANTED.**

**SO ORDERED AND ADJUDGED** this the 29th day of March, 2006.

                                              s/ *Louis Guirola, Jr.*
                                              LOUIS GUIROLA, JR.
                                              UNITED STATES DISTRICT JUDGE